MAYER, Circuit Judge,
dissenting.
Because vacatur and remand here will require the board to speculate as to whether there was harmful error, and because I do not believe Muwwakkil v. Office of Personnel Management, 18 F.3d 921 (Fed.Cir.1994), requires remand in this case, I dissent.
In Muwwakkil, there was an existing divorce decree legally separating the former spouses’ assets, which was capable of modification by the court and which evidenced the former spouses’ intent to separate their assets. Here, Johnson does not claim that she was legally separated from Mr. Johnson, or that there was any court-approved property settlement agreement awarding her a portion of Mr. Johnson’s property. Thus, vacatur and remand, given the absence of any court intervention separating the Johnsons’ assets, will require significant speculation by the board as to whether there was harmful error, ie., remand will require the board to decide if Johnson would have actually sought (and *1001 received) either a legal separation or a court-approved property settlement agreement had she known about the lump-sum payment to Mr. Johnson.